**VAN COTT & TALAMANTE, PLLC**
**CopperPoint Tower**
**3030 North Third Street, Suite 790**
**Phoenix, Arizona 85012**
**(602) 257-9160**
**vct.law@vancotttalamante.com**

Joyce N. Van Cott - 009878
Ryan J. Talamante - 015323
Attorneys for Defendant Arch U.S. MI Service, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PHH Mortgage Corporation, <br><br> Plaintiff, <br><br> v. <br><br> Arch U.S. MI Services, Inc. <br><br> Defendant. | Case No. 2:21 CV 01516 <br><br> **JOINT MOTION TO STAY INITIAL DISCLOSURES AND DISCOVERY SCHEDULE DATES** |

Defendant Arch U.S. MI Services, Inc. ("Arch"), by and through its counsel undersigned, and Plaintiff PHH Mortgage Corporation ("PHH"), by and through its counsel undersigned, hereby request that the Court stay the deadlines currently set for the initial disclosures and discovery in the case until after the Court rules on the Motion for Partial Summary Judgment re Collateral Estoppel (the "Collateral Estoppel Motion") that was recently filed by Arch. This Joint Motion is based on the following:

1. This lawsuit involves 2,733 individual mortgage loans, each one of which was covered by a policy of mortgage insurance issued by PMI Mortgage Insurance Company ("PMI"). PHH (or its predecessors) submitted claims under each of those insurance policies, which PMI then either denied or curtailed (paid a reduced amount).

2. PHH contends that PMI's denials and curtailments not only violated the terms of the insurance policies, but were made by PMI in bad faith, and PHH is suing Arch (who was hired by PMI to help administer the policy claims made on those mortgage insurance policies) for aiding and abetting PMI's allegedly tortious conduct.

3. PHH is also currently suing PMI in Arizona state court (the "PMI Case") alleging that PMI breached the same mortgage insurance policies by denying and curtailing many of those same policy claims. The parties in the PMI Case recently went to trial on the curtailment issues, and the court there entered a judgment making certain determinations regarding the interpretation of various provisions of the PMI mortgage insurance policies. PHH has filed a Motion for New Trial or, in the alternative, to Amend the Phase II Judgment, which the parties in the PMI Case have fully briefed and are currently awaiting a ruling on that motion.

4. Through the Collateral Estoppel Motion, Arch seeks to prevent PHH from relitigating those same arguments in this case, and, if that motion is granted, it may materially limit the number of factual and legal issues involved in this litigation.

5. If the Collateral Estoppel Motion is granted it would also likely reduce the production burden of the Rule 26(a) disclosures (currently due on April 14, 2022), narrow the scope of the initial document requests (currently due on April 21, 2022), and could substantially alter the time lines to be included in the joint proposed Discovery Plan (also due on April 21, 2022)..

6. Without a stay, the parties will be obligated to undertake disclosure and discovery activities that may be wasteful and unnecessary if the Collateral Estoppel Motion is later granted. In addition, because the Court's Rule 16 Order requires the parties to develop a joint proposed Discovery Plan that includes (among other things) a "description of the principal factual and legal disputes in the case" and a "discussion of the necessary discovery," that Discovery Plan could end up being obsolete.

7. Entering a stay pending a decision on Arch's Collateral Estoppel Motion would prevent that potential wastefulness and would be consistent with the purposes

behind Rule 16. *See* FRCP 16(a)(3) (stating that one of the purposes of a Rule 16 conference is "discouraging wasteful pretrial activities").

Based on the foregoing, the parties request that the Court enter an Order extending the deadlines for initial disclosures and discovery, and rescheduling the Rule 16 Scheduling Conference (currently set for May 5, 2022) until after the Court decides the Collateral Estoppel Motion. A proposed form of Order is being lodged with the Court.

**DATED** this 1st day of April, 2022.

**VAN COTT & TALAMANTE, PLLC**

By:  */s/ Ryan J. Talamante*
 Ryan J. Talamante
 3030 North Third Street, Suite 790
 Phoenix, Arizona 85012
 Attorneys for Defendant, Arch U.S. MI Service, Inc.

**REED SMITH LLP**

By:  */s/ David M. Halbreich*
 Gerald Maltz (004908)
 Stanley G. Feldman (000838)
 **Miller, Pitt, Feldman & McAnally, PC**
 One South Church Avenue, Suite 900
 Tucson, AZ  85701

 David M. Halbreich (*pro hac vice*)
 David E. Weiss (*pro hac vice*)
 Matthew D. Rosso (*pro hac vice*)
 **Reed Smith LLP**
 355 South Grand Avenue, Suite. 2900
 Los Angeles, CA 90071

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the United States District Court for the District of Arizona using the CM/ECF system and electronically on the ECF registrant listed below, all on the 1st day of April, 2022.

David M. Halbreich (dhalbreich@reedsmith.com)
David E. Weiss (dweiss@reedsmith.com)
Matthew D. Rosso (mrosso@reedsmith.com)
Margaret C. McDonald (mcmcdonald@reedsmith.com)
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Attorneys for Plaintiff

Gerald Maltz (gmaltz@mpfmlaw.com)
Stanley G. Feldman (sfeldman@mpfmlaw.com)
Miller, Pitt, Feldman & McAnally, PC
One South Church Avenue, Suite 900
Tucson, Arizona 85701
Attorneys for Plaintiff

By: __/s/ Nancy Laird__

4